UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GAYLA F. MURPHY, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DIRECT ENERGY SERVICES, LLC,<br><br>Defendant. | CIVIL COMPLAINT – CLASS ACTION<br><br>CASE NO. 3:19-cv-01454<br><br>DEMAND FOR JURY TRIAL |

**COMPLAINT – CLASS ACTION**

NOW comes GAYLA F. MURPHY ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), on behalf of herself and all others similarly situated, complaining as to the conduct of DIRECT ENERGY SERVICES, LLC ("Defendant"), as follows:

NATURE OF THE ACTION

1. Plaintiff brings this action on behalf or herself and numerous other individuals against Defendant pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* for Defendant's unlawful conduct.

2. Plaintiff brings this action, on her own behalf and in her individual capacity, against Defendant pursuant to the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.* for Defendant's unlawful conduct.

JURISDICTION AND VENUE

3. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises

1

under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's individual state law claim pursuant to 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Texas.

## PARTIES

5. Plaintiff is a natural person over 18 years-of-age residing in Dallas, Texas, which is located within the Northern District of Texas.

6. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant is a utility company organized under the laws of the State of Texas with its principal place of business located at 12 Greenway Plaza, Suite 250, Houston, Texas. Defendant regularly conducts business with consumers throughout the country, including the state of Texas.

8. Defendant is a "person" as defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

10. The instant action stems from Defendant's attempts to collect upon a consumer debt ("subject debt") for personal utility services that Plaintiff purportedly owes to Defendant.

11. Around March of 2019, Plaintiff began receiving calls to her cellular phone, (214) XXX-1835, from Defendant seeking to collect upon the subject debt.

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -1835. Plaintiff is and has always been financially responsible for the cellular phone and its services.

13. Defendant mainly uses the phone number (888) 305-3828 when placing phone calls to Plaintiff's cellular phone. Upon information and belief, Defendant uses other phone numbers to contact Plaintiff's cellular phone.

14. Upon information and belief, the above-referenced phone number ending in -3828 is regularly utilized by Defendant during its debt collection activity.

15. During answered calls, Plaintiff had to endure a noticeable pause, lasting several seconds in length, and had to say "hello" several times before being connected to a live representative.

16. Defendant has also placed several phone calls to Plaintiff's cellular phone during which Plaintiff experienced Defendant's use of prerecorded messages.

17. Upon speaking with one of Defendant's representatives, Plaintiff was informed that Defendant was attempting to collect upon the subject debt.

18. Defendant's relentless collection campaign caused Plaintiff to demand that Defendant cease contacting her.

19. Despite Plaintiff's efforts, Defendant continued to regularly call her cellular phone.

20. Defendant has contacted Plaintiff at least 15 times after her demands that Defendant stop contacting her cellular phone.

21. Upon information and belief, Defendant's conduct directed towards Plaintiff is indicative of a pattern and practice wherein Defendant continues to call consumers attempting to collect upon debts after such consumers have requested that such calls stop.

22. All of Defendant's phone calls to Plaintiff's cellular phone number occurred within the four years preceding the date of the filing of the Complaint in this matter.

### CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action on behalf of herself and others similarly situated against Defendant for its violations of the TCPA.

24. Plaintiff brings this action against Defendant, both on her own behalf and as a class action on behalf of the following class, hereinafter referred to as the "Automatic Telephone Dialing System Class":

> All persons residing in the State of Texas to whom Defendant placed collection calls to such persons' cellular phones using an automatic telephone dialing system after such persons revoked prior express consent within four years preceding the filing of this complaint through the date of class certification.

25. Plaintiff brings this action against Defendant both on her own behalf and as a class action on behalf of the following class, hereinafter referred to as the "Prerecorded Messages Class":

> All persons residing in the State of Texas to whom Defendant placed collection calls to such persons' cellular phones using prerecorded messages after such persons revoked prior express consent within four years preceding the filing of this complaint through the date of class certification.

26. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(a).

27. Upon information and belief, each respective Class outlined above consists of hundreds or more persons throughout the State of Texas such that joinder of the respective Class members is impracticable.

28. There are questions of law and fact that are common to the respective Class members that relate to Defendant's violations of the TCPA, particularly because the questions of law and fact

are based on a common course of conduct by Defendant as it relates to the respective Class members.

29.  Plaintiff and the members of the respective Classes were harmed by the acts of Defendant in, *inter alia,* the following ways: Defendant illegally contacted Plaintiff and putative Class members via their cellular phones thereby causing Plaintiff and the respective Class members to incur certain charges or reduced telephone time for which Plaintiff and Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and respective Class members.

30.  The claims of Plaintiff are typical of the claims of the proposed Class because they are based on the same legal theories and course of conduct, and Plaintiff has no interests that are antagonistic to the interests of the respective Class members.

31.  Plaintiff is an adequate representative of the respective Classes and has retained competent legal counsel experienced in class actions and complex litigation.

32.   The questions of law and fact common to the Automatic Telephone Dialing System Class predominate over any questions affecting only individual Class members, particularly because the focus of the litigation will be on the conduct of Defendant. The predominant questions of law and fact as they relate to the Automatic Telephone Dialing System Class include, but are not limited to: (i) whether Defendant's phone system used to place the calls to Plaintiff and putative Class members were made with a system constituting an automatic telephone dialing system under the TCPA; (ii) whether Plaintiff and other members of the Class revoked any hypothetical consent Defendant may have had to place telephone calls to their cellular phones utilizing an automatic telephone dialing system; (iii) whether Defendant violated the TCPA by placing unconsented calls

to Plaintiff's and Class members' cellular phones utilizing an automatic telephone dialing system; and (iv) the type and amount of relief to which the Plaintiff and Class members are entitled.

33. The questions of law and fact common to the Prerecorded Messages Class predominate over any questions affecting only individual Class members, particularly because the focus of the litigation will be on the conduct of Defendant. The predominant questions of law and fact as they relate to the Prerecorded Messages Class include, but are not limited to: (i) whether Defendant placed calls to Plaintiff and putative Class members using prerecorded or artificial voice messages; (ii) whether Plaintiff and other members of the Class revoked any hypothetical consent Defendant may have had to place telephone calls to their cellular phones utilizing prerecorded or artificial voice messages; (iii) whether Defendant violated the TCPA by placing unconsented calls to Plaintiff's and Class members' cellular phones utilizing prerecorded or artificial voice messages; and (iv) the type and amount of relief to which the Plaintiff and Class members are entitled.

34. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, as the pursuit of hundreds of individual lawsuits would cause a strain on judicial resources and could result in inconsistent or varying adjudications, yet each respective Class member would be required to prove an identical set of facts in order to recover damages.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
PLAINTIFF INDIVIDUALLY AND ON BEHALF OF THE RESPECTIVE CLASSES

35. Plaintiff repeats and realleges paragraphs 1 through 34 as though fully set forth herein.

36. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") or prerecorded messages without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

37. Defendants contacts made towards the Automatic Telephone Dialing System Class were made with a system defined by the TCPA as an ATDS. Defendant's use of an ATDS in relation to this Class is evinced by the significant pause, lasting several seconds in length, which Plaintiff experienced on answered calls from Defendant. Plaintiff's having to say "hello" repeatedly prior to a live person getting on the line further demonstrates Defendant's use of an ATDS. Additionally, Defendant's continued contacts with Plaintiff after she demanded that the phone calls stop further demonstrates Defendant's use of an ATDS. Moreover, the nature and frequency of Defendant's contacts point to the involvement of an ATDS.

38. Defendant's contacts made towards the Prerecorded Messages Class are similarly covered by the TCPA given the nature of the prerecorded messages Plaintiff experienced on certain calls from Defendant.

39. Defendant violated the TCPA by placing repeated and persistent phone calls to Plaintiff's and the respective Class members' cellular phones using an ATDS and/or prerecorded messages without their consent. Any consent that Defendant may have had to contact Plaintiff and the respective Class members through means of an ATDS and/or prerecorded messages was specifically revoked by their demands that Defendant cease contacting them.

40. The calls placed by Defendant to Plaintiff and the respective Class members were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

41. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff and the respective Class members for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages

7

to which Plaintiff and the respective Class members are otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, GAYLA F. MURPHY, respectfully requests that this Honorable Court grant the following:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Certification of the respective Classes requested above and appointment of the Plaintiff as Class Representative and of her counsel as Class Counsel for the respective Classes;

c. Awarding damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

d. Awarding Plaintiff costs and reasonable attorney fees;

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
PLAINTIFF INDIVIDUALLY AGAINST DEFENDANT

42. Plaintiff restates and realleges paragraphs 1 through 41 as though fully set forth herein.

43. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

44. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

45. The subject consumer debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

**a. Violations of TDCA § 392.302**

46. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or

continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

47. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone multiple times after she notified it to stop calling. Defendant continued contacting Plaintiff at least 15 times after Plaintiff had clearly demonstrated a desire to receive no further calls. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately submit a payment. Rather than understanding Plaintiff's situation and abiding by her wishes, Defendant continued in its harassing campaign of phone calls in hopes of extracting payment.

48. Upon being told to stop calling, Defendant had ample reason to be aware that it should not continue its harassing calling campaign. Yet, Defendant consciously chose to continue placing systematic calls to Plaintiff's cellular phone knowing that its conduct was unwelcome.

    b. **Violations of TDCA § 392.304**

49. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

50. Defendant violated the TDCA through the implicit misrepresentations made on phone calls placed to Plaintiff's cellular phone. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the lawful ability to continue contacting her cellular phone using an automatic system and/or prerecorded messages absent her consent. Such lawful ability was revoked upon Plaintiff demanding that Defendant stop calling her cellular phone, illustrating the deceptive nature of Defendant's continued conduct.

WHEREFORE, Plaintiff, GAYLA F. MURPHY, respectfully requests that this Honorable Court grant the following:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Enjoining Defendant from further contacting Plaintiff; and

g. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: June 19, 2019                                             Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)                s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                    Taxiarchis Hatzidimitriadis, Esq. #6319225
*Counsel for Plaintiff*                                              *Counsel for Plaintiff*
Admitted in the Northern District of Texas         Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.                                   Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200              2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                         Lombard, Illinois 60148
(630) 568-3056 (phone)                                      (630) 581-5858 (phone)
(630) 575-8188 (fax)                                            (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                              thatz@sulaimanlaw.com

s/ Eric D. Coleman
Eric D. Coleman, Esq. # 6326734
*Counsel for Plaintiff*
Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois
(331) 307-7648 (phone)
(630) 575-8188 (fax)
ecoleman@sulaimanlaw.com